**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DONALD ALLEN CAVES, #73894**                                  **PETITIONER**

**V.**                                  **CIVIL ACTION NO. 1:16-cv-00353-LG-JCG**

**STATE OF MISSISSIPPI**                                  **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner Donald Allen Caves. The Petition challenges Caves' 2014 conviction for failing to register as a sex offender and resulting enhanced sentence as a violent habitual offender to life imprisonment without the possibility of parole or probation. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge recommends that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied. Petitioner has not shown that the state court's decision was contrary to clearly established United State Supreme Court law, involved an unreasonable application of Supreme Court law, or was based on an unreasonable determination of the facts in light of the evidence presented.

BACKGROUND

Caves is a postconviction inmate in the custody of the Mississippi Department of Corrections (MDOC), last known to be housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. Following a jury trial in the Circuit Court of Pearl River County, Mississippi, Caves was convicted on April 9,

1

2014, for failing to register as a sex offender, his fourth felony conviction. (Cause No. K2013-198M, ECF No. 1, at 1).

Prior to this conviction, Caves was convicted of child molestation in 1990 and sentenced to serve a term of five years. (Cause No. 6404-1, ECF No. 8-1, at 14). In 1997, Caves was convicted as an accessory after the fact to automobile burglary and sentenced to five years. (Cause No. 9344-1, ECF No. 8-1, at 14). In 2005, Caves was convicted of possession of a weapon by a convicted felon and sentenced to three years. (Cause No. K2004-200P, ECF No. 8-1, at 14-15).

For his 2014 conviction, Caves was sentenced under Mississippi Code § 99-19-83, a violent habitual offender statute, to life imprisonment without eligibility for parole or probation. (ECF No. 8-1, at 38-40). Caves appealed. He was represented by counsel with the Office of State Public Defender, Indigent Appeals Division, and advanced two arguments:

1. Caves alleged that the trial court erred in excluding the testimony of a defense witness Erica Fraught.

2. Caves alleged that the verdict was against the overwhelming weight of the evidence.

*See Caves v. State*, 179 So. 3d 1175 (Miss. Ct. App. 2015), *reh'g denied*, October 6, 2015, *cert. denied*, December 17, 2015; *see* (Cause No. 2014-KA-00643-COA, ECF No. 8-5, at 1-17).

In a June 9, 2015 decision, the Mississippi Court of Appeals found that the trial court did not err in excluding Fraught's testimony and concluded that there was substantial evidence to support the jury's guilty verdict. (ECF No. 8-4, at 11-24). Caves' motion for rehearing was denied. (ECF No. 8-4, at 2). The Mississippi

Supreme Court denied Caves' writ of certiorari. (Cause No. 2014-CT-00643-SCT, ECF No. 8-4, at 70).

On May 26, 2016, Caves filed with the Mississippi Supreme Court a *pro se* Application for Leave to Proceed in the Trial Court, raising four grounds for relief:

1. Jury member was Mississippi police officer fully clothed in state uniform

2. Two jury members were known to defendant and previously worked together

3. Defendant was subjected to jury members while fully dressed in MDOC stripes, waist and ankle chains prior to trial

4. Erica Fraught was not called as a witness in case trial

(ECF No. 8-7, at 10-12). Caves summarized the facts upon which his Application was based as follows:

> I was accused of touching my girlfriends daughter and was picked up July 12, 2012. I was interviewed and read my rights, I was locked up in county jail on this date. My re-registration was set for July 17, 2012, so I missed my registration due to being locked up in Pearl River County jail.

(ECF No. 8-7, at 13) (all sic is original).

The Mississippi Supreme Court denied Caves' Application, finding Caves' grounds for relief "without merit." (Cause No. 2016-M-00756, ECF No. 8-7, at 9). Caves' petition for a rehearing was denied. *Id.* at 3. Caves filed the instant 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus *pro se* on October 3, 2016, raising two grounds for relief as follows:

1. **Trial court erred in excluding the testimony of Erica Fraught.** The court denied Caves to call Fraught as a witness

stating testimony was irrelevant. However, Fraught's testimony regarding Caves' capability of reading and writing and understanding the requirements of registration as a sex offender was essential to his case to show his intellectual inability to understand the rules for registration and thus his not registering after moving

2. **Two jurors were known to defendant and previously worked with him.** Two jurors personally knew defendant and had previously worked with him. Neither juror reported this to the court during voir dire when specifically asked about their knowledge of or relation to the defendant

(ECF No. 1, at 5-8) (all sic is original).

In response to the Petition, the State of Mississippi (Respondent) argues that Caves is not entitled to habeas relief because he has not established that the state court's decisions on the merits, with respect to both Grounds One and Ground Two, were contrary to clearly established United States Supreme Court law, involved an unreasonable application of clearly established Supreme Court law, or were based on an unreasonable determination of the facts in light of the evidence presented. (ECF No. 7).

DISCUSSION

A.   <u>Standard of Review</u>

The issue in a federal habeas proceeding is not whether there was an error in applying state law but instead whether there has been a denial of rights protected by the United States Constitution. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "[I]t is not the province of a federal habeas court to re-examine state court determinations on state-law questions." *Id*. The federal courts do not function as super appellate courts over the states to review errors under state law and may not

4

correct errors of state law unless they also violate the constitutional rights of an accused. *See Smith v. Phillips*, 455 U.S. 209, 221 (1981); *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981).

Even in matters affecting constitutional rights, federal courts have a very limited scope of review. The Court's authority to grant relief to a person held in custody pursuant to a state judgment is narrowly circumscribed by 28 U.S.C. § 2254 (d), which provides that a writ of habeas corpus shall not be granted unless the state court adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As recently summarized by the Fifth Circuit Court of Appeals:

> Because "§ 2254(d)(1)'s 'contrary to' and 'unreasonable application' clauses have independent meaning," there are three ways a federal court grants habeas relief: (1) if the state court decision was contrary to clearly established Supreme Court law; (2) if the state court decision involved an unreasonable application of clearly established Supreme Court law; or (3) if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. "AEDPA's standard is intentionally difficult to meet."

*Poree v. Collins*, 866 F.3d 235, 245 (5th Cir. 2017) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002); *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015)).

The state court's findings are presumed to be correct. 28 U.S.C § 2254(d)(2). The Petitioner may rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.    <u>Analysis</u>

1.    <u>Ground One: Trial Court Erred in Excluding Defense Witness</u>

In Ground One, Caves challenges the trial court's exclusion of the testimony of Erica Fraught. (ECF No. 1, at 5). Construing Caves' Ground One for relief liberally, Caves is alleging that his right to due process was violated when the trial court excluded Fraught's testimony.[1] Caves maintains that Fraught's testimony pertaining to his alleged intellectual disabilities was "essential" to his case "to show his inability to understand the rules for registration." (ECF No. 1, at 5). Fraught was offered by the defense to testify on Caves' ability (or lack thereof) to "rea[d] and writ[e] and understan[d]" the requirements of registering as a sex offender. (ECF No. 1, at 5).

The admissibility of evidence is a matter of state law, and federal courts will not intervene in such matters unless the state court decision runs afoul of a specific constitutional right or "the state court error is sufficiently egregious to render the entire trial fundamentally unfair." *Edwards v. Butler,* 882 F.2d 160, 164 (5th Cir. 1989); *see Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir. 1994). Over the course of any criminal trial, the trial judge is tasked with generating "dozens, sometimes hundreds, of decisions concerning the admissibility of evidence." *Crane v. Kentucky*, 476 U.S. 683, 689 (1986). The United States Supreme Court has taken the view that the Constitution affords trial judges a great deal of discretion when it pertains to

---

[1] *Pro se* habeas corpus petitions must be construed liberally. *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir.1988).

6

excluding evidence that is "repetitive . . . , only marginally relevant" or poses an undue risk of "harassment, prejudice, [or] confusion of the issues." *Id.* (citations omitted). An erroneous state evidentiary ruling may be the basis for federal habeas corpus relief only if "the challenged evidence is a crucial, critical, or highly significant factor in the context of the entire trial." *Thomas v. Lynaugh,* 812 F.2d 225, 230 (5th Cir.1987).

At trial, the State objected to the admission of Fraught's testimony due to the defense's failure to disclose Fraught as a potential witness during discovery. (ECF No. 8-2, at 128-129). *See* Uniform Circuit and County Court Rules (URCCC) 9.04 (requiring the defendant to disclose potential trial witnesses). Ultimately, the trial judge barred Fraught's testimony on different grounds, finding that her testimony did not concern a "pivotal issue" and was potentially confusing:

> The reason the witness will be excluded is that the court finds that . . . both the investigator and [Thibodeaux] testified that they read to [Caves] under sworn testimony the contents of documents. And the court finds that a subjective observation by someone that knows [Caves] is not a conclusive determination of what his abilities are to read or not or his inability to read. And it's potentially confusing to the issue when you've had both witnesses testify they actually read from the documents to him. So the ability to read is not – or inability to read is not the pivotal issue in the court's view.

(ECF No. 8-2, at 130-131).

The Mississippi Court of Appeals reviewed this issue on Caves' direct appeal, finding no abuse of discretion and stating as follows:

> As previously stated, Thomas, Caves's ex-girlfriend, provided testimony that she had witnessed Caves read and write. Thomas also testified that Caves possessed awareness that the sex-offender statute required Caves

to notify the DPS of any change of address. *See* Miss.Code Ann. § 45–33–29(1). Thibodeaux, the records clerk for the sheriff's department, testified that she personally reviewed and explained the sex-offender registration paperwork with Caves and personally read the forms to him. Investigator Robbins of the Pearl River County Sheriff's Department testified that when he arrested Caves, he read Caves his *Miranda* rights and also verbally explained these rights to Caves, as well as the charge against him. In his decision to exclude Fraught's testimony, the trial judge referred to Thibodeaux and Investigator Robbins's testimony providing that they both read the forms aloud to Caves, and explained that "it's potentially confusing to the issue [to allow Fraught's testimony] when you've had both [Thibodeaux and Investigator Robbins] testify they actually read from the documents to him."

*Caves,* 179 So. 3d at 1180.

Petitioner has failed to show that the state court's decision to exclude Fraught's testimony violated a constitutional right or rendered his trial fundamentally unfair. The state court's evidentiary ruling to exclude Fraught's testimony was not a crucial, critical, or highly significant factor in the context of the entire trial, considering the substantial evidence that Caves knew the requirements of registration, regardless of any inability to read. *See Thomas,* 812 F.2d at 230-31. Ground One is without merit.

2.    Ground Two: Two Jurors Were Known to Defendant and Previously Worked with Him

In Ground Two, Caves maintains that two jurors personally knew him from their time working together. (ECF No. 1, at 7). Caves asserts that neither juror reported this to the trial court during *voir dire,* despite being expressly questioned about their knowledge of or relation to the defendant. (ECF No. 1, at 7). Construing

Caves' Ground Two for relief liberally, Caves is alleging that his Sixth Amendment right to a fair trial was violated when the trial court failed to exclude the two jurors.

"The constitutional standard of fairness requires that a defendant have 'a panel of impartial, 'indifferent' jurors.'" *Murphy v. Fla.*, 421 U.S. 794, 799–800 (1975) (quoting *Irvin v. Dowd*, 366 U.S. 717, 722 (1961)). "Qualified jurors need not, however, be totally ignorant of the facts and issues involved." *Id.* The Fifth Circuit has routinely stated that there is a presumption of jury impartiality. *United States v. Ruggiero*, 56 F.3d 647, 652 (5th Cir. 1995) (citations omitted).

Caves fails to offer any evidence or point to anything in the record that substantiates his allegation that two jurors were known to him. He did not raise this issue before the trial court. The trial record shows the circuit clerk administered the oath regarding jury qualifications to the pool of potential jurors. (ECF No. 8-2, at 23). After the potential jurors took another oath, the trial judge explained the *voir dire* process and asked a few basic questions:

> **THE COURT**: At this time, we will begin the process of actually selecting a jury for this trial. And we begin with what's called voir dire, which is – some of you participated in the other day. Some of you did not. You were not present or excused. But it simply means to speak the truth. And these are questions that the Court first, then the State and then the defense asks you questions that are personal in nature, but they are not meant to embarrass you in any way.
>
> The goal is for all of us participating in this trial to select the best jury to hear this particular case. You may be better suited to serve on a different type of case, or you may be better served on this case, but not another kind of case. And we just simply want that all parties participate and have a fair trial.
>
> And in order to do that we ask you some questions that would invoke answers and gather that information. And then we all come

together after we've finished with this process and choose a jury and excuse the rest of you.

So I'll begin by asking you some general obvious questions. Whether or not any of you know the attorneys. I'll introduced them to you now that are involved in this case. And also the defendant or whether you've heard anything about this case.

Beginning with Kim Harlin, to my right, and Lauren Harless. They are Assistant District Attorneys that represent the State of Mississippi. Ms. Harlin stepped out, but you've seen her in the courtroom. Mr. Robert Whitacre, over here, represents the defendant in today's case. And Mr. Donald Allen Caves. Mr. Caves, good morning. If you will, stand and let the jury see you.

*[DEFENDANT STANDING AT DEFENSE TABLE]*

**THE COURT**: Does anybody recognize any of the attorneys or thank you.

*[DEFENDANT SEATED AT COUNSEL TABLE]*

**THE COURT**: Or Mr. Caves or know them or are associated with them through church or business organizations, that sort of thing?

**[NO RESPONSE].**

(ECF No. 8-2, at 30-31).

The trial judge and both parties' counsel questioned the venire. (ECF No. 8-2, at 24-56). The trial judge individually questioned two potential jurors and excluded them after both parties' counsel raised issues of potential bias. (ECF No. 8-2, at 62-66). Because Caves did not raise this issue in the trial court, the trial judge was not given an opportunity to address Caves' allegation that he knew the two individuals who became jurors. The issue was first raised in Caves' *pro se* Application for Leave to Proceed in the Trial Court. (ECF No. 8-7, at 10, 12). The Mississippi Supreme Court found all of the grounds for review in Caves' Application "without merit" and denied reconsideration. (ECF No. 8-7, at 9).

The mere statement in Caves' Petition that "two jurors were known to [him] and previously worked with him" is insufficient to raise a constitutional issue. *See United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir.1983) ("mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"). Caves has not even identified by name or description the jurors he contends he knew. Caves' Ground Two for relief is without merit.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Donald Allen Caves' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Role 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, after service of a copy of this Report and Recommendation, each party has fourteen (14) days to serve and file with the Clerk of Court any written objections to it. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Judge need consider frivolous, conclusive, or general objections. A party who fails to

file written objections to the proposed findings, conclusions within fourteen (14)

days of being served a copy is barred, except upon grounds of plain error, from

attacking on appeal any proposed factual finding or legal conclusion accepted by the

District Court to which he did not object. *Douglass v. United Services Association*,

79 F.3d 1415, 1428-29 (5th Cir. 1996).

      **SIGNED**, this the 22nd day of June, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE